THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LUIS ROSAS, Defendant-Appellant.
Third District   No. 81-135

Opinion filed December 9, 1981.

Robert Agostinelli and G. Joseph Weller, both of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:
Defendant Luis Rosas was indicted for the offenses of armed robbery and robbery. After a jury trial in the circuit court of Peoria County, he was found guilty of armed robbery and sentenced to six years in the Department of Corrections.

The incident from which the conviction obtained occurred on November 13, 1980. Defendant borrowed an automobile and drove to a filling station for some gasoline. The station attendant was in the process of closing and refused to sell him any. Defendant then produced a handgun and repeated his request. The attendant complied, and defendant drove away. It is uncontroverted that defendant was intoxicated.

The sole issue presented for our review concerns two jury instructions, one given and one refused. Given was People's No. 13:
"You are instructed that voluntary intoxication is not a defense to the crime of armed robbery."
Refused was Defendant's No. 2:
"An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting knowingly or intentionally."
Presented for our review is the question of whether a defendant can

present his voluntary intoxication as a defense to a charge of armed robbery.

Section 6—3 of the Criminal Code of 1961 (hereinafter the Code) (Ill. Rev. Stat. 1979, ch. 38, par. 6—3) addresses the effect of a defendant being in an intoxicated or drugged condition during the commission of an alleged criminal offense:

> "A person who is in an intoxicated or drugged condition is criminally responsible for conduct unless such condition * * *
>
> (a) Negatives the existence of a mental state which is an element of the offense; * * *."

The offense here alleged is armed robbery. Section 18—2(a) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 18—2(a)) provides that the offense is committed when a person commits robbery while carrying "on or about his or her person, or is otherwise armed with a dangerous weapon." Section 18—1(a) of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 18—1(a)) provides that robbery is committed when a person "takes property from the person or presence of another by the use of force or by threatening the imminent use of force." It can readily be seen that no mental state is presented as an element of the charged offense by the language of these provisions.

With the exception of the period of time between 1874 and 1919, this has always been the case in this State (see *People v. White* (1977), 67 Ill. 2d 107, 122-23, 365 N.E.2d 337, 345 (concurring opinion)); yet, decisions rendered after 1919 were mixed as to whether intent was an element of the crime (see *People v. White* (1977), 67 Ill. 2d 107, 109, 365 N.E.2d 337, 338). The reasons for this were analyzed in *White*, which held intent was such an element, and in *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, which overruled *White* and held that robbery does not require specific intent.

During the pendency of the *Banks* appeal, the issue at bar was raised, on the basis of *White*, in *People v. Baker* (1979), 72 Ill. App. 3d 682, 391 N.E.2d 91. Before oral argument, the opinion in *Banks* was filed. We note the court's discussion:

> "Defendants first contend that the trial court erred in giving the non-IPI instruction tendered by the State that 'intoxication is not a defense to the crime of armed robbery.' In support of this argument, defendants rely on *People v. White* (1977), 67 Ill. 2d 107, 365 N.E.2d 377, which held that specific intent is an element of robbery and armed robbery and that voluntary intoxication could be a defense, if defendant could demonstrate that he was so intoxicated as to negate the specific intent needed to commit the crime. At oral argument, however, defense counsel conceded this issue in light of the recent pronouncement by the Illinois Supreme

Court in *People v. Banks* (1979), 75 Ill. 2d 383, 388 N.E.2d 1244, where the court specifically overruled *White* in holding that specific intent is not an element of robbery and armed robbery. As such defendants cannot avail themselves of the intoxication defense and we find that the trial court was proper in giving the instruction." *People v. Baker* (1979), 72 Ill. App. 3d 682, 686-87, 391 N.E.2d 91, 94.

Aware of these precedents and of the long-standing Illinois rule that voluntary intoxication is only a defense to specific intent crimes (*McIntyre v. People* (1865), 38 Ill. 514), defendant argues that logic dictates modifying the rule to allow the defense to be interposed in all but absolute liability prosecutions. Positing that section 6—3 of the Code (Ill. Rev. Stat. 1979, ch. 38, par. 6—3) makes no distinction between general and specific intent, but rather deals with the negation of an elemental mental state, he concludes that one of the mental states delineated in sections 4—4 (intent), 4—5 (knowledge), or 4—6 (recklessness) (Ill. Rev. Stat. 1979, ch. 38, pars. 4—4, 4—5, 4—6) must be an element of the crime (see Ill. Rev. Stat. 1979, ch. 38, par. 4—3(b)). If so, he reasons, such a mental state can be negated by intoxication.

The logic of this argument has been noted before:

"It is sometime stated that intoxication can negative a 'specific intent' * * * but it cannot negative a crime's 'general intent' * * *. * * * But this is wrong on principle, for if intoxication does in fact negative an intention * * * (whether it be called specific intent or general intent), the crime has not been committed." W. LaFave and A. Scott, Handbook on Criminal Law 343-44 (1972).

There is even some indication the legislature intended, at least regarding recklessness, to eliminate the present distinction:

"It is interesting to compare the language of the Illinois statute with that of the Model Penal Code. The Illinois code section provides that an intoxicated person is responsible unless such condition, 'negatives the existence of a mental state which is an element of the offense * * *.' This provision is not unlike the first subsection of the Model Penal Code section on intoxication: '(1) Except as provided * * *, intoxication of the actor is not a defense unless it negatives an element of the offense.' The potential for change which this subsection, standing alone, might possess was not overlooked when it was presented to the American Law Institute in May of 1959. Consequently, a second subsection was also proposed: '(2) When recklessness establishes an element of the offense, if the actor, due to self-induced intoxication, is unaware of a risk of which he would have been aware had he been sober, such unawareness is immaterial.'

The addition of this subsection represented a conscious choice by the ALI to retain the American practice of recognizing only a limited defense of intoxication, rather than adopting the English rule of treating intoxication as one aspect of the overall determination of *mens rea*, as advocated by at least one of the ALI Advisory Committee members. No language similar to subsection 2 is found in the Illinois code, even though the Illinois section was proposed after the ALI debate." Norton, Criminal Law Codification: Three Hazards, 10 Loy. U. Chi. L.J. 61, 70 (1978).

Regardless of the logic of eliminating the distinction between interposing the defense in specific and general intent prosecutions and the possibility of such a legislative intent, we must note that no court has ever dissented from the distinction, except to bar the defense even on the issue of specific intent. (See Annot., 8 A.L.R.3d 1236 (1966 and Supp. 1981).) Early authority even suggested that intoxication should be regarded as an aggravation of an offense. (See Annot., 8 A.L.R.3d 1236 (1966).) The rationale of the rule has been presented in several fashions. It has been explained that one who voluntarily casts off the restraints of reason and conscience is not wronged by being held responsible for the consequences, that those consequences were intended by becoming intoxicated, that the intent to become intoxicated can take the place of criminal intent, and that criminal intent can simply be presumed from the doing of criminal acts. (See 21 Am. Jur. 2d *Criminal Law* §155 (1981).) Other explanations are that the defense could be too easily simulated, and that the abolition of the rule would lead to widespread subversion of the criminal law. See Annot., 8 A.L.R.3d 1236 (1966).

It may be that "[t]he reasoning supporting the rules * * * is difficult to explicate" (Annot., 8 A.L.R.3d 1236, 1239 (1966)) and that logic fails to support the present distinction between specific and general intent prosecutions. Perhaps the explanation of the rules' existence is to avoid allowing a criminal to commit a crime with a revolver in one hand to commit the deed, and a quart of intoxicating liquor in the other hand with which to create his defense. (See Annot., 8 A.L.R.3d 1236 (1966), citing *State v. Arsenault* (1956), 152 Me. 121, 124 A.2d 741.) We believe that there is a distinction between general and specific intent offenses, and voluntary intoxication may be a defense to the latter but not the former. Consequently the trial court did not commit any error in its rulings on instructions.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

ALLOY and HEIPLE, JJ., concur.