THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WAYNE JACKSON, Defendant-Appellant.

Second District   No. 83—598

Opinion filed February 29, 1984.

G. Joseph Weller and Manuel S. Serritos, both of State Appellate Defender's Office, of Elgin, for appellant.

Fred L. Foreman, State's Attorney, of Waukegan (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Wayne Jackson, was charged by information with two counts of rape (Ill. Rev. Stat. 1981, ch. 38, par. 11—1(a)), two counts of deviate sexual assault (Ill. Rev. Stat. 1981, ch. 38, par. 11—3(a)), and one count of unlawful restraint (Ill. Rev. Stat. 1981, ch. 38,

par. 10—3(a)). He pleaded guilty to one count of rape and the remaining offenses were nolle prossed. The defendant's motion to withdraw his plea of guilty and vacate the judgment prior to sentencing was denied. Following the sentencing hearing, the trial judge sentenced the defendant to an extended term of 40 years' imprisonment. The defendant now appeals, contending that the trial court erred in imposing an extended sentence where the rape was not exceptionally brutal or heinous as required by section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)), and alternatively, that the sentence imposed was excessive and an abuse of the trial court's sentencing discretion.

The facts are undisputed that on March 4, 1983, at approximately 2:30 a.m., the victim was leaving a friend's apartment and was going to a nearby phone booth when she was approached by the defendant who asked her if he could accompany her. He walked her to the phone booth and waited nearby while she made her call. Shortly thereafter, the complainant left the booth and started walking home. The defendant followed a short distance away. He then grabbed her by the arm and forced her into a nearby parking lot. The defendant pulled down his pants and ordered complainant to perform fellatio. When she refused, he slapped her and then engaged in oral sex. The victim then screamed and the defendant slapped her and pulled her into a nearby alley and again forced her to perform fellatio. He then brought the victim a short distance away to an apartment building. On the front porch the defendant disrobed the victim and had sexual intercourse with her despite her protests that she had just begun her menstrual period. The defendant then took the victim around to the back of the building where he again had sexual intercourse and fellatio with her.

Upon holding the required sentencing hearing, the trial court sentenced defendant to a 40-year extended term of imprisonment.

■■ ■ Initially, we must first consider the issue raised by the State as to whether the defendant's appeal should be dismissed. Citing *People v. Bryant* (1977), 45 Ill. App. 3d 428, the State argues that the defendant has waived his right to appeal by failing to present the trial court a motion under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)) to withdraw his guilty plea and vacate the judgment following the imposition of sentence. While a written motion to withdraw a guilty plea is a condition precedent to a defendant's right to appeal, the failure to file the written motion waives any claim of error in the trial court proceedings (87 Ill. 2d R. 604(d)), a defendant will be excused where the trial court has failed to admonish the defendant that prior to taking an appeal he must file in the trial court, within 30

days of the date on which sentence is imposed, a written motion to withdraw his plea of guilty and vacate the judgment. (87 Ill. 2d R. 605(b).) After the sentence was imposed, the trial court advised the defendant of his right to appeal and informed him that he had 30 days within which to file a notice of appeal. The trial court noted that since the defendant had filed a notice to withdraw his guilty plea prior to sentencing, to require the defendant to file another motion to withdraw, in the trial court's opinion, would be a "wasted act." This left the impression that the defendant could appeal his sentence alone without his filing a motion to withdraw. The defendant here, unlike the defendant in *Bryant*, was not adequately admonished in accordance with Supreme Court Rule 605(b). Therefore, in light of the trial court's failure to adequately advise the defendant of this requirement, the defendant did not waive his right to appeal his sentence because of his failure to file in the trial court a written motion to withdraw his guilty plea. Accordingly, this court will consider the merits of the defendant's appeal. *People v. Miller* (1982), 107 Ill. App. 3d 1078, 1082; *People v. Martin* (1978), 58 Ill. App. 3d 915, 917.

The defendant argues that the extended-term sentence he received was excessive and improper in that his behavior was neither sufficiently brutal nor heinous to warrant a 40-year extended-term sentence. Section 5—5—3.2(b)(2) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(2)) provides that an extended sentence may be imposed "[w]hen a defendant is convicted of any felony and the court finds that the offense was accompanied by exceptionally brutal or heinous behavior indicative of wanton cruelty." The defendant points out that no such behavior exists in the present case as the victim sustained no serious physical injury and that the defendant did not use a weapon in the attack or threaten the victim's life. He asks this court to reduce his sentence under the authority of Supreme Court Rule 615(b)(4) (87 Ill. 2d R. 615(b)(4)).

The determination and imposition of a sentence is within the sound discretion of the trial court and hence a reviewing court must give great deference to the trial court's determination and will not modify or vacate a sentence on appeal absent an abuse of discretion. *People v. Willingham* (1982), 89 Ill. 2d 352, 364; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154.

█ In the present case, the sentence imposed was proper and reasonable. The facts here are similar to those presented in *People v. Turner* (1981), 93 Ill. App. 3d 61. In *Turner*, the court affirmed the defendant's extended sentence of 45 years for rape and deviate sexual assault in which the defendant struck the victim five times, threat-

ened her repeatedly with death, and forced her into three acts of sexual intercourse, two acts of fellatio, and one act of sodomy. The court found that even in the absence of the victim's physical injuries, defendant's behavior went "beyond what is necessary to show 'exceptionally brutal and heinous behavior indicative of wanton cruelty.' " 93 Ill. App. 3d 61, 69.

In this case, the victim was slapped and punched and subjected to repeated acts of sexual abuse by the defendant. It can be reasonably said that the actions of the defendant, who was 5 feet 11 inches tall and weighed 200 pounds, terrorized and endangered the victim, who was 5 feet 6 inches tall and weighed 105 pounds, despite the absence of a weapon or any express threats on the victim's life. The presentence report indicates that the victim suffered serious emotional trauma as well as some minor physical injuries. As the subjective pain of mental injury often exceeds that of physical injury, and the tangible scars may be as lasting (*People v. Viens* (1982), 109 Ill. App. 3d 1017, 1028-29; *People v. Clark* (1981), 102 Ill. App. 3d 414, 425), mental suffering may be considered in deciding whether to impose an extended sentence. (*People v. Viens* (1982), 109 Ill. App. 3d 1017, 1028.) In addition, the testimony at the sentencing hearing indicated that the defendant had attempted to conceal allegedly incriminating evidence upon his arrest by consuming blood-stained portions of his underwear, and that he had falsely stated that he had no prior criminal convictions when, in fact, he had been sentenced in 1977 to four to eight years for indecent liberties with a child. In imposing sentence, the trial court first considered in aggravation the defendant's prior criminal background and the serious harm defendant had caused to the victim. (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2.) The court then determined that an extended sentence was warranted based on its consideration of the heinous and brutal nature of the offense, defendant's prior criminal background and the need to deter future criminal conduct. While the defendant's prior 1977 conviction is not a felony "of the same or greater class" as the offense of rape and, therefore, should not be considered as an appropriate basis for the imposition of an extended sentence (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.2(b)(1)), the trial court's finding that the offense was accompanied by exceptionally brutal and heinous behavior is sufficient for the imposition of an extended-term sentence. (*People v. Lucien* (1982), 109 Ill. App. 3d 412, 420.) Thus, we need not reach the issue raised by the defendant as to whether the trial court improperly imposed an extended sentence on the basis of the defendant's prior felony conviction.

The distinctions the defendant draws between the cases he cites which held the defendant's actions to be exceptionally brutal or heinous and the actions of the defendant here are distinctions without merit. While the victim in *People v. Gray* (1979), 80 Ill. App. 3d 213, was raped, robbed, and stabbed 33 times, the fact the victim here sustained only minor physical injuries, as already noted, is not determinative. (*People v. Viens* (1982), 109 Ill. App. 3d 1017, 1028-29; *People v. Turner* (1981), 93 Ill. App. 3d 61, 69.) Further, the fact that the defendant in the present case never ejaculated and forced the victim to swallow his semen as in *People v. Clark* (1981), 102 Ill. App. 3d 414, is a difference in kind rather than degree.

■ Finally, the defendant contends that the imposition of the extended sentence was improper because the sentencing judge failed to consider in mitigation the absence of any serious physical injury to the victim, the defendant's remorse over the incident, and the defendant's lack of an extensive prior criminal record. The instant record supports the trial court's finding with respect to the character of the instant crime. The trial court noted that while it considered defendant's entry of a guilty plea and his present remorsefulness, after considering the evidence presented, the circumstances in this case warranted an extended sentence. (See *People v. Baker* (1983), 114 Ill. App. 3d 803, 811-12.) In conclusion, the trial court properly considered the factors authorizing an extended term and did not abuse its discretion in imposing sentence.

Accordingly, the judgment of the circuit court of Lake County is affirmed.

Judgment affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.