THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LARRY W. ROESLER, Defendant-Appellant.

Fifth District No. 5—89—0031

Opinion filed March 27, 1990.

Braud/Warner, Ltd., of Rock Island (Duane Thompson, of counsel), for appellant.

Timothy L. Fornes, Special Prosecutor, of Harrisburg (Kenneth R. Boyle, Stephen E. Norris, and Debra Buchman, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Larry W. Roesler, was charged in the circuit court of Saline County with two counts of rape and one count of deviate sex-

ual assault. Defendant entered pleas of guilty on all three charges and thereafter was sentenced to three consecutive 60-year terms of imprisonment. After sentencing, defendant filed a motion to withdraw his guilty pleas or, in the alternative, a motion for reduction of sentence. Both motions were denied. Defendant appeals from the denial of these motions.

On September 4, 1979, at approximately 10:30 p.m., Roesler went to the home of the victim, a 73-year-old widow who lived alone. Roesler gained entry by claiming his stepfather, who also happened to be the victim's cousin, had told him she would let him use the phone. Once inside, Roesler pulled a knife and forced her into the bedroom, where he removed her clothes and tied her to the bed. Throughout the night and into the early hours of the next morning, Roesler repeatedly raped and sodomized the victim. During the attacks, which lasted over five hours, she suffered a broken rib which separated from her spine. When Roesler eventually left, he did not untie her. After freeing herself, the victim called the police and later that day identified Roesler in a photo lineup.

On September 6, 1979, Roesler surrendered to the Eldorado police department, and on November 8, 1979, he pleaded guilty to all three charges. Subsequently, the court ordered a presentence investigation (PSI). The PSI revealed that Roesler had several juvenile offenses. Likewise, in 1976 he pleaded guilty to rape by threat in the State of California, and was sentenced to six months' to life imprisonment. He served less than three years of the sentence and was on parole when the crimes now in question occurred. The PSI also revealed that Roesler had a very poor relationship with his stepfather, and he had a long history of drug and alcohol abuse.

The court sentenced Roesler to three consecutive terms of 60 years' imprisonment, the maximum sentence available. The court cited Roesler's prior history of delinquency and criminal activity, the need to deter others from committing the same offenses, and the nature of defendant's conduct, which caused serious harm.

After sentencing, Roesler filed a motion to withdraw his guilty plea. After eight years, during which he was appointed several different attorneys, an amended motion to withdraw pleas or, in the alternative, for reduction of sentence was filed on August 5, 1988. The court denied Roesler's motions, and this appeal follows.

■■ ■ It is well settled that leave to withdraw a guilty plea is not granted as a matter of right, but as required to correct manifest injustice under the facts involved. (*People v. Hillenbrand* (1988), 121 Ill. 2d 537, 545, 521 N.E.2d 900, 903.) The decision of the trial court as

to whether a guilty plea may be withdrawn will not be disturbed on appeal unless it appears that the guilty plea was entered through a misapprehension of facts or law, or that there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial. (*Hillenbrand*, 121 Ill. 2d at 545, 521 N.E.2d at 903.) Furthermore, it is the defendant's burden to demonstrate that withdrawal of the guilty plea is necessary to correct a manifest injustice. *People v. Seidel* (1985), 138 Ill. App. 3d 616, 618, 485 N.E.2d 1330, 1332; *People v. Nichols* (1981), 96 Ill. App. 3d 354, 355-56, 420 N.E.2d 1166, 1168.

Defendant's first argument is that he entered his guilty pleas based upon a misapprehension of law. In support of this contention, defendant claims his appointed counsel advised him that he would not be eligible for an extended-term sentence as is provided in section 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2). Defendant claims, in fact, his counsel told him to disregard any admonishments the court gave him concerning the extended term. He also testified at the hearing on his motion to withdraw that his attorney estimated his sentence would be 15 years' imprisonment. And, in a signed affidavit, defendant claims six years' imprisonment was the sentence his attorney estimated.

■ A misapprehension as to sentencing alternatives may render a guilty plea involuntary if the defendant was actually unaware of the possible punishments. (*People v. Kraus* (1984), 122 Ill. App. 3d 882, 888, 461 N.E.2d 1036, 1041; *People v. Turner* (1982), 111 Ill. App. 3d 358, 371, 443 N.E.2d 1167, 1178.) However, if the defendant has been admonished thoroughly by the court, a guilty plea cannot be withdrawn because he subjectively believed he would receive a certain sentence. *Turner*, 111 Ill. App. 3d at 371-72, 443 N.E.2d at 1178; *People v. Cohn* (1980), 91 Ill. App. 3d 209, 214-15, 414 N.E.2d 543, 547-48.

■ Defendant's counsel, Frederick Turner, testified at the hearing that he had advised Roesler an extended term was a possibility. He also denied he promised defendant he would receive no more than six years in prison. This testimony is made more believable by Turner's lengthy arguments against the extended term at the sentencing hearing. It stands to reason that had Turner believed the extended term was not a possibility, he would not have spent several pages of testimony arguing against it. Likewise, the inconsistency in defendant's affidavit and testimony at the motion hearing makes his version suspect. At any rate, a guilty plea made in reliance upon the advice of counsel estimating a sentence to be expected is not involuntary. *People v. Woods* (1985), 134 Ill. App. 3d 294, 300, 480 N.E.2d 179, 183;

*People v. Willis* (1977), 50 Ill. App. 3d 498, 504, 365 N.E.2d 597, 602.

██ Defendant next claims he did not understand the court's admonishments concerning the possibility of the extended term because the court gave a lengthy admonishment, or "dissertation," as the defendant refers to it. However, within that admonishment, the court referred to the extended term three times, the last time just moments before the court asked defendant if he understood. Defendant responded that he did understand the sentencing possibilities. The record also indicates the court was careful in assuring defendant understood the nature of the charges and the nature of the rights he was relinquishing by pleading guilty.

 █ Defendant also contends it was error that the court did not define the phrase "exceptionally brutal or heinous behavior indicative of wanton cruelty" as contained in section 5—5—3.2 of the Uniform Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.2) and that nowhere was defendant advised that these terms applied to him or the crimes charged. This argument is without merit. The court advised Roesler the sentencing guidelines may apply to him and it would be within the sole discretion of the court to determine whether or not they would apply to defendant. Moreover, a sentencing judge is not required to inform a defendant of factors in aggravation justifying an extended term before accepting a guilty plea. (*People v. Kane* (1986), 140 Ill. App. 3d 928, 930, 489 N.E.2d 500, 502.) Likewise, defendant now contends he was coerced into pleading guilty by family pressure brought on by community harassment. Again, the trial court took great pains to insure defendant's plea was not coerced, asking him three times if the plea was voluntary. The court substantially complied with Supreme Court Rule 402 (107 Ill. 2d R. 402) by advising him of his rights, by insuring that the plea was voluntary, and by informing defendant of the minimum and maximum penalties and their possible application to him. See *People v. McCoy* (1979), 74 Ill. 2d 398, 402-03, 385 N.E.2d 696, 698-99.

██ Defendant next argues he should have been allowed to withdraw his pleas because he had a defense worthy of consideration. According to his affidavit and testimony, he had consumed a pint and a half of wine, hashish and cannabis, rendering him excessively intoxicated. Section 6—3 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 6—3) provides a defense of intoxication in certain instances. However, courts have consistently held this defense applies only to specific intent crimes. (*People v. Rosas* (1981), 102 Ill. App. 3d 113, 429 N.E.2d 898; *People v. Harkey* (1979), 69 Ill. App. 3d 94, 386 N.E.2d 1151.) Since rape is a general intent offense, the voluntary in-

toxication defense is not available to defendant. *People v. Hunter* (1973), 14 Ill. App. 3d 879, 885, 303 N.E.2d 482, 486.

■ Moreover, voluntary intoxication must be "so extreme as to entirely suspend the power of reason." (See *People v. Mikel* (1979), 73 Ill. App. 3d 21, 26, 391 N.E.2d 550, 554. See also *People v. Lucas* (1989), 132 Ill. 2d 399, 435, 548 N.E.2d 1003, 1021.) Defendant recalls noting the time as he went to and from the victim's home. He recalled specifically what drugs and alcohol he consumed and at what times he started drinking and what time he stopped. When the record indicates that defendant acted with any purpose or rationality, the defense is unavailable. (*People v. Nichols* (1981), 96 Ill. App. 3d 354, 359, 420 N.E.2d 1166, 1170.) Here, defendant's ability to recall details supports the trial court's denial of withdrawal of pleas based on this argument. See *People v. Madej* (1985), 106 Ill. 2d 201, 216-17, 478 N.E.2d 392, 398-99.

■ Defendant also contends that the trial court abused its discretion by relying on the PSI as the only evidence of aggravation. As we noted earlier, the trial court relied on other factors, namely the defendant's conduct, which caused serious harm, and the need to deter others. However, the State is correct in its contention that the trial court must consider the PSI when imposing a sentence. (*People v. Testa* (1984), 125 Ill. App. 3d 1039, 1049, 466 N.E.2d 1126, 1134-35.) In addition, determination of an extended-term sentence is within the sound discretion of the trial court and the court can exercise wide discretion as to the type of evidence it uses to assist in sentencing. See *People v. La Pointe* (1981), 88 Ill. 2d 482, 431 N.E.2d 344.

In *Testa*, the defendant argued the court improperly considered the PSI when sentencing him because it had not been admitted into evidence, nor had the State offered any other evidence in aggravation. The court rejected defendant's claim, holding the State's election not to introduce evidence in aggravation "did not affect the court's consideration of the PSI, mandated pursuant to statute." (*Testa*, 125 Ill. App. 3d at 1049, 466 N.E.2d at 1134.) The appellate court upheld the extended-term sentence.

■ In a related argument, defendant claims that although the PSI contained reports of his alcohol and drug abuse as well as his very poor relationship with his stepfather, this information was not formally introduced into evidence apart from the PSI, and the trial court did not consider them as factors in mitigation. We know of no such requirement. And, as noted above, the court must consider the PSI when sentencing. Absent an indication to the contrary, it will be presumed that a trial court has considered any mitigation evidence if

it has articulated any aggravating factors. (*People v. Ulmer* (1987), 158 Ill. App. 3d 148, 151, 510 N.E.2d 1296, 1298-99.) In addition, the trial court need not recite every factor it considered. (*People v. Meeks* (1980), 81 Ill. 2d 524, 534, 411 N.E.2d 9, 14.) Here, the court listed the factors in mitigation as provided in section 5—5—3.1 of the Uniform Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1), and stated whether or not each factor applied, indicating that it did consider mitigation.

In addition, defendant claims he was not afforded an opportunity to read the PSI. Although a deficiency in a presentence report is waived by a failure to object (*Meeks*, 81 Ill. 2d at 533, 411 N.E.2d at 14), defendant contends that since he did not read the report, he could not properly object to its contents. Attorney Turner testified at the motion hearing it would have been customary procedure to show the PSI to clients, though he had no personal recollection as to whether he did or did not in this instance. At the sentencing hearing, Turner said defendant had read the report. The trial court has the responsibility of weighing the witnesses' credibility, and absent an abuse of discretion, we cannot disturb that court's determination. *People v. Leggett* (1971), 2 Ill. App. 3d 962, 965, 275 N.E.2d 651, 653.

██ Defendant next argues since the crimes to which he pleaded guilty are by their very nature brutal and heinous, the State must prove behavior beyond what is already inherent in the crime. However, the determination of what constitutes "heinous behavior" is within the discretion of the trial court. A reviewing court must give great deference to the trial court's determination and will not modify or vacate a sentence absent abuse of discretion. (*Testa*, 125 Ill. App. 3d at 1050, 466 N.E.2d at 1135; *People v. Jackson* (1984), 122 Ill. App. 3d 166, 169, 460 N.E.2d 904, 907.) In *Testa*, defendant argued his conduct was neither brutal nor heinous since he did not carry a weapon or verbally threaten the victim's life. Likewise, in *Jackson*, there was no weapon, no express threats to the victim's life, and no serious physical injury. The appellate court in both cases found no abuse of discretion and upheld both extended terms. Here, defendant carried a knife. When the victim told him he was hurting her, he threatened her with it. The victim suffered a broken rib, and she no doubt suffered great emotional injury, which a sentencing court may consider. (See *Jackson*, 122 Ill. App. 3d at 170, 460 N.E.2d at 907.) We find no abuse of the trial court's discretion in finding defendant's behavior to be brutal and heinous under these circumstances. We have held consistently that it is not our function to serve as a sentencing court. (See, *e.g.*, *People v. Sullivan* (1989), 183 Ill. App. 3d 175, 181,

538 N.E.2d 1376, 1380.) Although the sentences imposed here are the maximum allowable by statute, under the facts presented on the record before us, we simply can find no abuse of any discretion whatsoever. See *People v. Cox* (1980), 82 Ill. 2d 268, 279-80, 412 N.E.2d 541, 547; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154-56, 368 N.E.2d 882, 884-85.

For the foregoing reasons, the judgment of the circuit court of Saline County is affirmed.

Affirmed.

WELCH and CHAPMAN, JJ., concur.