THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES MARTIN, Defendant-Appellant.

Third District   No. 3—92—0046

Opinion filed September 4, 1992.

Stephen Omolecki, of State Appellate Defender's Office, of Ottawa, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (John X. Breslin and Judith Z. Kelly, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The defendant, James Martin, appeals the dismissal of his post-conviction petition. The sole issue on appeal is whether he should have received an evidentiary hearing on his claim that he had not received the effective assistance of counsel. We affirm.

The record shows that the defendant was charged with first degree murder and concealment of a homicidal death (Ill. Rev. Stat. 1991, ch. 38, pars. 9—1, 9—3.1). Thereafter, he agreed to plead guilty to murder in exchange for a 30-year sentence and dismissal of the concealment charge.

According to the factual basis for the plea, the defendant admitted to police that on April 24, 1988, he, Rick Wooten, John Hanson, and Kimberly Ray went to a tattoo party. They left the party around 8 p.m. and went to Wooten's home. Wooten and Ray then began arguing. After Wooten slapped Ray, he handed the defendant a knife and told him to get rid of her. The defendant said, "No, not with that," and retrieved a .22-caliber rifle. He and Wooten then made Ray go outside, where the defendant shot her in the head three times.

The defendant further admitted that Wooten told him and Hanson to clean up everything. The men then put the body in the trunk of Ray's car, drove to an area near Route 6 and Galena Road, and buried it. They later threw the gun into a farm pond and abandoned Ray's car in Marshall County. Using another car, they returned to Wooten's home.

The factual basis further disclosed that the defendant later led the police to the burial site. The police also recovered the gun from a farm pond in Peoria County.

Following the presentation of the factual basis, the defendant acknowledged that it was accurate. The trial court accepted the plea and imposed a 30-year sentence. The defendant did not take a direct appeal.

In February of 1991, the defendant wrote a letter to the Peoria County circuit clerk which was construed as a post-conviction petition. Appointed counsel later filed a supplemental petition alleging, *inter alia,* that the defendant had consumed a large quantity of alcohol and cocaine at the time of the offense. The petition further alleged that trial counsel was ineffective for failing to either discuss an intoxication defense with the defendant or investigate it.

After the State filed a motion to dismiss the petition, the cause came on for hearing. The judge found that based on the record, counsel would not have been ineffective even if he had not discussed the intoxication defense with the defendant. The judge then dismissed the petition.

On appeal, the defendant argues that he raised a significant issue of ineffective assistance regarding his counsel's failure to investigate an intoxication defense. He therefore contends that he should have received an evidentiary hearing on his petition.

A post-conviction petitioner is not entitled to an evidentiary hearing as a matter of right. A hearing can only be held if the petitioner makes a substantial showing of a violation of a constitutional right and the allegations are supported by the record in the case or by accompanying affidavits. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 544 N.E.2d 312.) The dismissal of a post-conviction petition is within the discretion of the trial court. *People v. Jackson* (1991), 213 Ill. App. 3d 806, 572 N.E.2d 475.

To establish ineffective assistance of counsel, the defendant must show both that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. (*People v. Huante* (1991), 143 Ill. 2d 61, 571 N.E.2d 736.) Moreover, in order to assert an intoxication defense, a defendant must show that his drunkenness was so extreme that it suspended his power of reason and rendered him incapable of forming a specific intent to commit the offense. (Ill. Rev. Stat. 1991, ch. 38, par. 6—3.) If the record indicates that the defendant acted with any purpose or rationality, the defense is unavailable. *People v. Roesler* (1990), 195 Ill. App. 3d 1007, 552 N.E.2d 1242.

According to the factual basis, the defendant gave a detailed confession in which he admitted to choosing a rifle instead of a knife for the murder weapon. He also admitted that he helped bury the body and hide the other evidence. The details of his confession refute his claim that he acted without purpose or rationality. (See *People v. Long* (1975), 30 Ill. App. 3d 815, 333 N.E.2d 534.) Accordingly, we find that any failure by his counsel to investigate an intoxication defense did not constitute ineffective assistance. The trial court therefore properly denied the petition without conducting an evidentiary hearing.

The judgment of the circuit court of Peoria County is affirmed.

Affirmed.

McCUSKEY and HAASE, JJ., concur.