THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, v. HAROLD WISHON, Petitioner-Appellant.

Third District   No. 3—86—0617

Opinion filed December 4, 1987.

Pamela A. Peters, of State Appellate Defender's Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE BARRY delivered the opinion of the court:

The petitioner, Harold Wishon, appeals from the dismissal of his petition for post-conviction relief. The petitioner contends that the court both erroneously accepted his ineffective counsel's conclusion that his petition was constitutionally deficient and deprived him of a hearing to determine whether he was sane when he pleaded guilty.

In November of 1981, pursuant to a negotiated plea, the petitioner pleaded guilty to murder (Ill. Rev. Stat. 1981, ch. 38, par. 9—1(a)(3)), and was sentenced to 25 years of imprisonment. At that time the petitioner denied that promises or threats had induced him to plead. He informed the court that he understood his plea and that he freely and voluntarily waived his rights to jury trial, to confront witnesses, to present a defense, to remain silent, to be presumed innocent, and agreed that he was guilty beyond a reasonable doubt. The court then found that the defendant had inflicted serious bodily injury upon the victim; that he had a history of prior criminal activity; and that the fair and reasonable sentence was necessary to deter others from committing the same crime.

In 1982, the petitioner, *pro se*, proceeded with his first petition for post-conviction relief. It alleged a due process violation due to "perjudcy." After the court dismissed that petition, the petitioner filed but abandoned a second petition for post-conviction relief.

In January of 1986, the petitioner filed the instant *pro se* petition for relief from judgment alleging that he was mentally ill when he pleaded guilty. In particular, the petitioner alleged that he was then brain damaged and mentally retarded due to a 1974 automobile accident. The court appointed new counsel to represent the petitioner. The new counsel, James Murphy, agreed with the State's conclusion that the petition was legally deficient. The court, therefore, allowed the State's motion to dismiss but granted the petitioner leave to amend his petition. Attorney Murphy subsequently filed a Rule 651(c) certificate (107 Ill. 2d R. 651(c)), which stated that after examining a transcript of the plea proceedings and consulting with the defendant, he had concluded that no substantive amendments could present a cognizable constitutional claim. Finding no substantive grounds to amend, the court dismissed the post-conviction petition with prejudice. This appeal ensued.

Post-conviction proceedings address prior unadjudicated errors which substantially denied a defendant's constitutional rights. (*People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340.) One such issue that may be raised is competence to plead guilty. When a

defendant pleads, he must be capable of understanding the proceedings, of assisting with his defense, and of waiving his constitutional rights. (*People v. Heral* (1976), 62 Ill. 2d 329, 342 N.E.2d 34.) An effective waiver must be voluntary, *i.e.*, the product of free and deliberate choice rather than intimidation, coercion or deception. (*Colorado v. Connelly* (1986), 479 U.S. 157, 93 L. Ed. 2d 473, 107 S. Ct. 515.) Mental deficiencies are relevant to but not determinative of a defendant's understanding of the charges against him and his ability to rationally and reasonably assist with his defense. (*Heral*, 62 Ill. 2d 329, 342 N.E.2d 34.) Further, an attorney's failure to introduce evidence of retardation does not render him ineffective unless his conduct substantially prejudiced the defendant and affected the outcome. See *People v. Murphy* (1978), 72 Ill. 2d 421, 381 N.E.2d 677; *People v. Carroll* (1985), 131 Ill. App. 3d 365, 475 N.E.2d 982.

■ The record indicates that the petitioner understandably and articulately participated in the plea proceedings. His subsequent conclusions that he was unfit to plead guilty and waive his constitutional rights were unsubstantiated. The petitioner seemed to comprehend the plea proceedings and to cooperate with his counsel. In short, the record neither revealed nor did the petitioner submit evidence of his allegedly dubious fitness. Thus, the record supports his counsel's and the court's conclusion that no meritorious constitutional issues could be raised. Counsel interviewed the petitioner and investigated his contentions. Attorney Murphy had no obligation to present nonmeritorious issues. The petitioner failed to establish that his constitutional rights were violated by ineffective representation.

Accordingly, the judgment of the circuit court of McDonough County is affirmed.

Affirmed.

STOUDER and WOMBACHER, JJ., concur.