UNITED STATES of America ex rel. Nathaniel SIMMONS, Petitioner–Appellant,

v.

Richard GRAMLEY, et al., Respondents–Appellees.

No. 89–2404.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 26, 1990.

Decided Oct. 9, 1990.

**1130**

Janon E. Fabiano and Anthony R. Fabiano, Rockford, Ill., for petitioner-appellant.

David E. Bindi, Asst. Atty. Gen., Office of the Atty. Gen., and Thomas L. Ciecko, Deputy Atty. Gen., Office of the Atty. Gen., Crim. Appeals Div., Chicago, Ill., for respondents-appellees.

Before CUMMINGS and MANION, Circuit Judges, and GRANT, Senior District Judge.[*]

GRANT, Senior District Judge.

Petitioner Nathaniel Simmons appeals from the district court's denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

### I. *Background*

On November 20, 1979, following a jury trial in Cook County Circuit Court, Simmons was convicted of murder, aggravated battery, and armed violence.[1] There was

---

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

1. The district court order stated that Simmons' conviction included attempted murder. However, the trial transcript, at pages 193–94 and 197, reports the jury's finding of not guilty on the count of attempted murder. The state's brief and the district court's procedural history reports are therefore incorrect; nevertheless, this discrepancy has no relevance to our ultimate finding.

no doubt that Simmons had shot both his common-law wife Ethel Purnell and her daughter Octavia; the dispositive issue at trial was the intentional nature of the shooting. During the trial two explanations by Simmons were presented to the jury. The first was offered by the state's witness, a police homicide investigator, who reported Simmons' admission that he shot Ethel in the head to teach her a lesson, and shot Ethel's daughter Octavia after telling her to sit down or to get out of the way. Octavia's testimony corroborated the confession: She testified that Simmons came out of the bedroom with a gun, stood next to her mother and shot her in the head, and then shot Octavia as she ran to the door. Simmons, testifying on his own behalf, presented the second version of the shootings at trial. He stated that the pistol he was holding accidentally discharged as he was putting it in his pocket, and the bullet hit Ethel in the head. Then, startled by Octavia's scream, he threw up his hands and the gun exploded a second time, wounding Octavia. The jury, choosing not to believe Simmons' direct testimony, found him guilty on three counts. The court sentenced Simmons to thirty years imprisonment, and advised him of his right to appeal. However, the petitioner did not appeal the conviction or sentence.

Simmons sought collateral relief in 1981 by filing a *pro se* petition for post-conviction relief, alleging ineffective assistance of counsel. After providing petitioner a trial transcript and a public defender, the court reviewed Simmons' application and counsel's certified statement that the post-conviction application adequately presented his claim of ineffective assistance of counsel. On July 14, 1982, the court summarily dismissed Simmons' petition for post-conviction relief. Enclosed with the Order of Dismissal were a notice of the right to appeal and Notice of Appeal forms. Simmons did not file an appeal.

Four years later, on December 4, 1986, Simmons instituted a federal habeas corpus action in the United States District Court for the Northern District of Illinois, alleg-ing ineffective assistance of trial counsel and of post-conviction counsel. The specific deficiencies alleged were his trial counsel's failure to investigate possible defenses and to file a direct appeal, and his post-conviction counsel's failure to consult with him and to notify him of his right of direct appeal.

The district court appointed counsel for the petitioner, ordered another trial transcript, conducted six status hearings, and requested from Simmons an amplified statement of the errors alleged in his habeas petition. The petitioner filed a supplement describing the facts and circumstances that, he claimed, should have been offered at trial:

> The petitioner and the person he was convicted of murdering (hereafter referred to as victim) cohabited in the same household with other persons; that Petitioner and other members of that household had been drinking for several hours, and he and others were under the influence of alcohol; that Petition [sic] was in possession of a pistol, but did not intend to fire it in the household, nor did he threaten any person present with violence; that the victim was attempting to wrest the pistol from Petitioner's possession, and in the process the pistol was accidentally fired, resulting in victim's death[.]

Following two rounds of briefings, during which each party submitted to the court three lengthy memoranda, the district court denied Simmons' petition on April 4, 1989, without a hearing.

On appeal, Simmons again asserts a violation of his constitutional right to effective assistance of counsel and challenges the district court's right to deny his habeas petition without an evidentiary hearing.

II. *Analysis*

■ The state's initial argument (one raised in, but not discussed by, the district court) is that petitioner's application should be dismissed because he procedurally defaulted.[2] Before a federal court can ad-

---

2. Although the state raised the default issue, the district court chose to avoid "the intricacies of

dress the constitutional claims brought in a federal habeas corpus petition, the state courts must have had a full and fair opportunity to review them. *See Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Morrison v. Duckworth,* 898 F.2d 1298, 1300 (7th Cir.1990). The first duty of a district court, therefore, is to examine the procedural status of the cause of action:

> Before considering a petition for habeas corpus on its merits, a district court must make two inquiries—whether the petitioner exhausted all available state remedies and whether the petitioner raised all his claims during the course of the state proceedings. If the answer to either of these inquiries is "no," the petition is barred either for failure to exhaust state remedies or for a procedural default.

*Henderson v. Thieret,* 859 F.2d 492, 496 (7th Cir.1988), *cert. denied,* — U.S. —, 109 S.Ct. 1648, 104 L.Ed.2d 163 (1989).

■ Claims are exhausted when they have been presented to the highest state court for a ruling on the merits of the claims, or when state remedies no longer remain available to the petitioner. *Engle v. Isaac,* 456 U.S. 107, 125 n. 28, 102 S.Ct. 1558, 1570 n. 28, 71 L.Ed.2d 783 (1982). In this case, neither a direct appeal nor an appeal of the post-conviction petition dismissal was taken. However, since the time period within which the petitioner could have filed appeals has lapsed, his state remedies are no longer available. Thus, it is undisputed that the exhaustion requirement was fulfilled as to those state remedies by Simmons' failure to appeal his claims timely. *Id.*

■ Claims not raised on appeal in the state courts are procedurally defaulted. In deference to state procedural rules and state court reviews, federal courts will consider the merits of a habeas corpus petition only after the prisoner has presented his federal claim to the state courts for direct and post-conviction review. Given the stringency with which this Court adheres to procedural default

the procedural default(s) question," and turned

rules, it is of great importance to the prisoner that all his substantial claims be presented fully and professionally in his first state collateral proceeding.

*Murray v. Giarratano,* — U.S. —, 109 S.Ct. 2765, 2779-80, 106 L.Ed.2d 1 (1989). Under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a federal claim not presented to the state courts is procedurally barred in federal court and must be dismissed unless the prisoner can show both adequate cause to excuse his failure to raise the claim in state court and actual prejudice resulting from the procedural default. *Id.* at 87, 97 S.Ct. at 2506. *See also United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982); *Rosenwald v. United States,* 898 F.2d 585, 587 (7th Cir.1990); *Buelow v. Dickey,* 847 F.2d 420, 425 (7th Cir.1988), *cert. denied sub nom. Buelow v. Bablitch,* 489 U.S. 1032, 109 S.Ct. 1168, 103 L.Ed.2d 227 (1989).

■ Ineffective assistance of counsel, if proven, can be considered cause for a procedural default. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). The Supreme Court states clearly what proof is required:

> So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.

*Id.* at 488, 106 S.Ct. at 2645. Thus, to establish cause, Simmons must demonstrate that his counsel rendered ineffective assistance of counsel as defined by the Supreme Court in *Strickland v. Washington. See Madyun v. Young,* 852 F.2d 1029, 1033 (7th Cir.1988).

### A. Ineffective assistance of trial counsel

Simmons claims that his trial attorney's failure to investigate defenses and to file

instead to the merits of the petition.

an appeal amounts to ineffective assistance of counsel.[3]

The sixth amendment guarantees a criminal defendant the right to effective assistance of counsel. A defendant's claim that his counsel rendered constitutionally ineffective assistance is evaluated by the principles set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As its general guideline for review, the Court provides:

> The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686, 104 S.Ct. at 2064.

■ The defendant pressing a sixth amendment claim has the heavy burden of affirmatively establishing that counsel's performance was constitutionally deficient and that the deficiency prejudiced the outcome of the trial. *Harris v. Reed*, 894 F.2d 871, 877 (7th Cir.1990), citing *Sullivan v. Fairman*, 819 F.2d 1382, 1390 (7th Cir. 1987). To prove inadequate performance he must show that his counsel committed serious errors that fall "outside the wide range of professionally competent assistance." *Balfour v. Haws*, 892 F.2d 556, 562 (7th Cir.1989), quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. He must demonstrate both that his attorney's representation fell below an objective standard of reasonableness and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *United States v. Arvanitis*, 902 F.2d 489, 494 (7th Cir.1990), citing *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65.[4]

■ A district court's findings that counsel's performance was reasonable and that the alleged errors did not prejudice the defense are "mixed questions of law and fact," *Strickland*, 466 U.S. at 698, 104 S.Ct. at 2070, and therefore subject to our independent review. *Balfour v. Haws*, 892 F.2d at 563–64; *United States v. Olson*, 846 F.2d 1103, 1107 (7th Cir.), *cert. denied*, 488 U.S. 850, 109 S.Ct. 131, 102 L.Ed.2d 104 (1988). We consider a claim of ineffective assistance of counsel by examining "the totality of the circumstances, ever mindful of the fact that there exists a strong presumption that counsel rendered reasonably effective assistance." *United States v. Muehlbauer*, 892 F.2d 664, 668 (7th Cir. 1990).

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. *See also Kimmelman v. Morrison*, 477 U.S. 365, 386, 106 S.Ct. 2574, 2588–89, 91 L.Ed.2d 305 (1986). Therefore our scrutiny of counsel's performance is highly deferential.

■ Simmons first alleges that trial counsel "failed to investigate any possible defense that could or could not have been used" at trial. However, this court has made clear that a petitioner alleging that counsel's ineffectiveness was centered on a supposed failure to investigate has the burden of providing the court sufficiently precise information, that is, "a comprehensive showing as to what the investigation would have produced." *United States ex rel.*

---

3. Petitioner failed to raise his claims on direct appeal to the Illinois Appellate Court. This court has recognized that, under Illinois rules, "a defendant who neglects to raise a claim of inadequate representation on direct appeal may not later assert that claim in a petition for post-conviction relief ... [unless] the basis for the claim does not appear in the record." *United States ex rel. Devine v. DeRobertis*, 754 F.2d 764, 766 (7th Cir.1985) (citing cases). Because Simmons has alleged, *inter alia*, that defense counsel failed to raise certain defenses at trial,

and because the facts supporting this contention do not appear in the record, we will not treat the claim as waived.

4. The *Strickland* criteria for testing the ineffectiveness of criminal defense counsel have been adopted in Illinois in *People v. Albanese*, 104 Ill.2d 504, 85 Ill.Dec. 441, 473 N.E.2d 1246 (1984) and *People v. Barnard*, 104 Ill.2d 218, 83 Ill.Dec. 585, 470 N.E.2d 1005 (1984).

*Cross v. DeRobertis,* 811 F.2d 1008, 1016 (7th Cir.1987). *See also Muehlbauer,* 892 F.2d at 669 (defendant failed to demonstrate what evidence was available, what testimony witnesses might have offered); *Olson,* 846 F.2d at 1111 (defendant failed to allege specific evidence). The district court found that this charge failed because petitioner offered no details concerning counsel's failure to investigate potential defenses. We agree; cursory allegations that are purely speculative cannot support a claim of lack of competence of counsel. *See Muehlbauer,* 892 F.2d at 669.

Moreover, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065. Strategy decisions by counsel do not normally violate the sixth amendment right to counsel. *Rogers–Bey v. Lane,* 896 F.2d 279, 282 n. 2, 283 (7th Cir.1990). Petitioner has failed to overcome the presumption by demonstrating that, under the particular circumstances of this case, counsel's actions were not within the domain of acceptable trial strategy. *See Williams v. Chrans,* 894 F.2d 928, 935 (7th Cir.1990); *Nutall v. Greer,* 764 F.2d 462, 465 (7th Cir.1985).

In his supplement to the habeas petition (in the passage quoted above), Simmons faults the performance of his attorney for failing to present certain information at trial in his defense. However, the trial transcript reflects that all these allegedly omitted facts were brought out at trial: (1) Simmons and the victim cohabited in the same household with other persons [tr. at 82]; (2) he and others had been drinking for several hours and were under the influence of alcohol [tr. at 84–88]; (3) Simmons was in possession of a pistol but did not intend to fire it [tr. at 96–97, 99–100]; (4) Simmons *did not threaten* anyone with violence [tr. at 98–100, 104]; (5) the pistol was accidentally fired, resulting in the victim's death [tr. at 98–100, 115–16]. ▇ The only fact alleged in the habeas supplement that was not proffered at trial was that "the victim was attempting to

wrest the pistol from Petitioner's possession, and in the process the pistol was accidentally fired." This description of the shooting is in direct contrast to Simmons' trial testimony:

> ... I had the pistol in my hand. I was intending to put it in my pocket.... And I went to put it in my pocket and the gun discharged. And it frightened me. And at that time, Tavia hollered. Octavia Purnell. I don't know exactly how this gun exploded to shoot Tavia. But I know I did throw up my hands and she throwed up her hands.... And then after I__the gun discharged the second time, I started to the door for the police.

Tr. at 97–98.

The district court, considering these differing versions of the facts, determined that, if it assumed Simmons' testimony at trial to be truthful, it could not find his trial counsel lacking in competence because he did not offer this second explanation of the shooting.

> ... As the United States Supreme Court stated in *United States v. Havens,* 446 U.S. 620, 626–27, 100 S.Ct. 912, 916–17 [1912, 1916–17], 64 L.Ed.2d 559 (1980): "When a defendant testifies he must testify truthfully or suffer the consequences." *Id.,* at 626, 100 S.Ct. at 916 [1916]. Therefore, even assuming that the petitioner was perjuring himself at trial and that the new version of the facts presented in the supplemental petition is true, the court cannot find fault with counsel for not ignoring the petitioner's trial testimony and proffering defenses based on this second version of facts; unless, of course, the trial counsel forced the petitioner to give perjured testimony at trial. There is, however, no evidence to this effect and in fact the petitioner has not stated why he "lied" to the trial court in the first place.

Order of District Court at 8–9 (footnote omitted).

Because "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions," *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066, we cannot

find that Simmons was denied effective assistance of counsel. Certainly, once Simmons testified to one cause for the accidental firing of his pistol, he cannot now fault his attorney's decision not to pursue a different alibi defense. We hold that, in these circumstances, petitioner's trial counsel did not fall below the level of reasonably effective assistance under the *Strickland* standards. *See Olson*, 846 F.2d at 1108–09.

] Nor can trial counsel be found incompetent for his unsuccessful attempt to proffer an affirmative defense of voluntary intoxication through trial evidence and a jury instruction. The law in Illinois is clear: In order to constitute an affirmative defense, voluntary intoxication must be so extreme as to suspend all reason; merely being drunk or intoxicated is insufficient to create the defense. *People v. LePretre*, 196 Ill.App.3d 111, 142 Ill.Dec. 578, 582–83, 552 N.E.2d 1319, 1323–24 (1990). When the record indicates that the defendant acted with any purpose or rationality, the defense is unavailable. *People v. Roesler*, 195 Ill.App.3d 1007, 142 Ill.Dec. 501, 505, 552 N.E.2d 1242, 1246 (1990). Defendant's ability to recall details supports the trial court's decision to refuse a jury instruction on the affirmative defense. *Id. See People v. Madej*, 106 Ill.2d 201, 216–17, 88 Ill.Dec. 77, 83–84, 478 N.E.2d 392, 398–99, *cert. denied*, 474 U.S. 935, 106 S.Ct. 268, 88 L.Ed.2d 274 (1985).

Our examination of the record confirms that the defense of voluntary intoxication was unavailable to Simmons. Although it is clear that he probably consumed much alcohol between 10:00 or 10:30 a.m. and about 5:30 p.m., Simmons also testified that he slept from that time until 11:20 p.m. [tr. at 107], and that he remembered very well the events that occurred from 11:20 p.m. through the time of the shooting [tr. at 108]. Thus, petitioner's own testimony effectively negated an intoxication defense. In light of that testimony, the trial court's refusal to give the tendered instruction on intoxication, a determination well within the discretion of that court, was proper, *People v. Arnold*, 104 Ill.2d 209, 83 Ill.Dec. 561, 564, 470 N.E.2d 981, 984 (1984), and

counsel's effectiveness cannot be found wanting in this area.

We conclude our review of petitioner's assertion that his counsel was ineffective during the trial by pointing out that his attorney did indeed elicit testimony from Simmons concerning both his intoxication and the accidental nature of the shooting. *See* tr. at 84–88, 97–101, 104–06, 115–16. He also emphasized petitioner's drinking and his lack of intent in closing argument. We accord great deference in evaluating counsel's conduct when it involves the exercise of judgment or tactics, recognizing the presumption that counsel's challenged actions fell within the broad range of sound trial strategy. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065; *Kubat v. Thieret*, 867 F.2d 351, 359 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 206, 107 L.Ed.2d 159 (1989); *People v. Mitchell*, 105 Ill.2d 1, 85 Ill.Dec. 465, 470, 473 N.E.2d 1270, 1275 (Ill.1984), *cert. denied*, 470 U.S. 1089, 105 S.Ct. 1857, 85 L.Ed.2d 153 (1985).

 Even if we were to consider counsel's performance deficient, we could not find that his actions prejudiced Simmons. Our thorough review of the record and transcript leads us to conclude that both of Simmons' theories were implausible and the evidence of his guilt was strong. "In the face of this evidence, we do not see what counsel might have done that with reasonable probability could have changed the verdict." *Nutall v. Greer*, 764 F.2d at 468. Simmons was not prejudiced by the constitutional errors he alleges in his habeas petition, for he has not shown that, but for counsel's errors, the result of the trial would have been different. *Balfour*, 892 F.2d at 563; *Kubat*, 867 F.2d at 362–63.

 Simmons also claims that his attorney's failure to file an appeal of his conviction created a constitutional violation of his right to effective assistance of counsel. Such a failure, if proven, can constitute ineffective representation. *Zellers v. Duckworth*, 763 F.2d 250 (7th Cir.), *cert. denied*, 474 U.S. 952, 106 S.Ct. 319, 88 L.Ed.2d 302 (1985) (claim waived by prisoner's failure to follow progress of case and

failure to appeal post-conviction determination).

This court has held that the cause and prejudice standard of *Wainwright v. Sykes* is applicable to complete failures to appeal a conviction. *Norris v. United States*, 687 F.2d 899, 904 (7th Cir. 1982). Thus "a defendant may not raise on collateral attack even constitutional claims that could have been raised on appeal unless the defendant establishes 'cause and prejudice' for his omission." *Johnson v. United States*, 838 F.2d 201, 202 (7th Cir. 1988). Neither the error or inadvertence of counsel on appeal nor the deliberate decision of a defendant not to appeal constitutes "cause." *Johnson*, 838 F.2d at 205.[5]

Illinois courts have determined that, when there is evidence in the record supporting a conclusion that it was the defendant's desire and intention to appeal his conviction and sentence, a defendant may properly assert a claim of ineffective assistance of counsel in failing to perfect an appeal. *People v. Nicewanner*, 93 Ill. App.3d 1, 48 Ill.Dec. 503, 506–07, 416 N.E.2d 776, 779–80 (1981). However, the defendant has the burden of demonstrating with some proof that he wished an appeal to be filed. In *People v. Williams*, 47 Ill.2d 239, 265 N.E.2d 107 (1970), in the absence of any proof in the record of defendant's intent to file an appeal, the Illinois Supreme Court rejected a defense allegation of ineffective assistance of counsel premised upon failure to file. 265 N.E.2d at 109.

In his petition for post-conviction relief Simmons alleged only that his attorney said that he would appeal the judgment, but did not do so. Petitioner gave no details that might demonstrate counsel's promise or his own intent to file an appeal. The record does not disclose the reason for counsel's failure to file an appeal, and Simmons offers no explanation of the circumstances. We know that the trial court unequivocally stated to Simmons that he had thirty days in which to appeal.

The Cook County Circuit Court dismissed Simmons' post-conviction petition by sustaining the State's motion to dismiss, which alleged that there were no constitutional allegations sufficient to require a hearing. The district court, after considering the merits of Simmons' claims, felt that the petitioner had abandoned his claim of failure to appeal. However, it also found that Simmons failed to show, or even to address, the prejudice caused by these alleged transgressions. District Court Order at 9.

Petitioner did not meet his burden of demonstrating his own intent to appeal. With no evidence on the record that counsel's failure to file an appeal fell below an objective standard of reasonableness, and no substantial showing by Simmons of this violation of his constitutional rights, we hold that the petitioner failed to prove ineffective assistance of counsel.

### B. *Ineffective assistance of post-conviction counsel*

Petitioner Simmons asserts that he was deprived of the effective assistance of post-conviction counsel. Simmons' petition was examined by a public defender, who certified that it adequately presented Simmons' claim without amendment or supplementation. The district court dismissed the petition without a hearing. Simmons now contends that no serious attempt was made to hear the merits of his claim of ineffective assistance of trial counsel in the post-conviction proceedings.

A criminal defendant is guaranteed the right to counsel both at trial and on a first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 94 S.Ct. 2437, 41 L.Ed.2d 341 (1974). The right to effective assistance of counsel is dependent on the right to counsel itself. *Evitts v. Lucey*, 469 U.S. 387, 396–97 n. 7, 105 S.Ct. 830, 836 n. 7, 83 L.Ed.2d 821 (1985). However,

---

5. In his concurring opinion in *Johnson,* Judge Ripple adds that a defendant claiming that counsel's inadequate assistance caused the failure to appeal "must shoulder a substantial burden in demonstrating that such an explicit waiver was caused by the professionally inadequate assistance of counsel." 838 F.2d at 206.

there is no constitutional right to counsel to pursue discretionary state appeals. *Ross v. Moffitt,* 417 U.S. at 610, 94 S.Ct. at 2443. In a more recent case, the Supreme Court has made clear that the right to counsel does not attach to collateral post-conviction proceedings.

We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions, see *Johnson v. Avery,* 393 U.S. 483, 488 [89 S.Ct. 747, 750, 21 L.Ed.2d 718] (1969), and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals. *Wainwright v. Torna,* 455 U.S. 586 [102 S.Ct. 1300, 71 L.Ed.2d 475] (1982); *Ross v. Moffitt,* 417 U.S. 600 [94 S.Ct. 2437, 41 L.Ed.2d 341] (1974). We think that since a defendant has no federal constitutional right to counsel when pursuing a discretionary appeal on direct review of his conviction, *a fortiori,* he has no such right when attacking a conviction that has long since become final upon exhaustion of the appellate process.

*Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539] (1987). As the Court explained, states have no obligation to provide post-conviction relief, which is not part of the criminal proceeding itself and is considered to be civil in nature. However, "when they do, the fundamental fairness mandated by the Due Process Clause does not require that the State supply a lawyer as well." *Finley,* 481 U.S. at 557, 107 S.Ct. at 1994. Following *Finley,* we have held that there is no constitutional right to counsel when mounting a collateral attack on a conviction. *Morrison v. Duckworth,* 898 F.2d at 1300–01. *See also Williams v. Lockhart,* 849 F.2d 1134, 1139 (8th Cir.1988).

■■■ In Illinois, nevertheless, such a right exists by statute. Ill.Rev.Stat. ch. 38, par. 122–4. The right to counsel at post-conviction proceedings is a matter of legislative grace and favor which may be altered by the legislature at will. *People v.*

*Butler,* 186 Ill.App.3d 510, 133 Ill.Dec. 334, 337, 541 N.E.2d 171, 174 (1989), citing *People v. Ward,* 124 Ill.App.3d 974, 80 Ill.Dec. 161, 464 N.E.2d 1144 (1984). Such relief is intended to address prior unadjudicated errors which substantially denied a defendant's constitutional rights. *People v. Wishon,* 163 Ill.App.3d 852, 114 Ill.Dec. 856, 857, 516 N.E.2d 1011, 1012 (1987). Recognizing that a post-conviction proceeding is not an appeal, but rather a collateral attack on a judgment, the *Butler* court presented the principles governing claims of ineffectiveness of counsel at this proceeding:

As to counsel appointed to represent a petitioner under the Post–Conviction Hearing Act (Ill.Rev.Stat.1985, ch. 38, par. 122–1 *et seq.*), the appointment of an attorney is but an empty formality unless proper representation is afforded. The quality of representation required of counsel appointed to represent an indigent prisoner in proceedings under the Act was set forth in *People v. Slaughter* (1968), 39 Ill.2d 278, 285, 235 N.E.2d 566:

"The [Act] can not perform its function unless the attorney appointed to represent an indigent petitioner ascertains the basis of his complaints, shapes those complaints into appropriate legal form and presents them to the court."

To this end, Supreme Court Rule 651 requires appointed post-conviction counsel to file a certificate indicating he consulted with petitioner, examined the trial record, and made any necessary amendments to the defendant's *pro se* post-conviction petition. Failure of counsel to file the certificate has been held to be harmless error, however, where examination of the record clearly indicates that counsel met the requirements of the rule. Although post-conviction counsel need not amend the petition to raise frivolous allegations, meritorious allegations should be raised.

*Butler,* 133 Ill.Dec. at 337–38, 541 N.E.2d at 174–75 (citations omitted).

■■■ In the cause before us, the public defender appointed to represent this petitioner did file the appropriate Rule 651(c) certificate. Although Simmons claims that

counsel should have amended or supplemented his petition "with sufficient allegations of fact to mandate an evidentiary hearing on the merits of the claim," the only fact he offers to justify his claim is that counsel failed to consult with him.[6] However, the record contradicts that allegation: On the Rule 651(c) form the public defender certified that she consulted with petitioner by mail on numerous occasions and interviewed him in person on September 10, 1982. Thus, appointed counsel fulfilled the statutory requirements for post-conviction representation.

We hold that petitioner had no constitutional right to counsel at the discretionary post-conviction stage, and failed to prove a denial of his statutory right to effective assistance of counsel at the post-conviction proceeding. *See Butler*, 133 Ill.Dec. at 339, 541 N.E.2d at 176; *People v. Jones*, 36 Ill.App.3d 315, 343 N.E.2d 525, 529 (1976).

### III. *Evidentiary hearing*

■ Simmons argues that the district court erred in failing to conduct an evidentiary hearing on his ineffective assistance of counsel claims. Referring to the facts alleged in his supplement to the petition for habeas corpus, he insists that his trial counsel knew of these facts and circumstances and yet did not present them at trial in Simmons' defense. Simmons sought an evidentiary hearing in the district court to prove, through these facts, that he was denied the effective assistance of counsel. Petitioner also planned to offer evidence that intoxication could have been presented as an affirmative defense at trial. Relying on *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), Simmons argues that "[t]here cannot even

be the semblance of a full and fair hearing unless the state court actually reached and decided the issues of fact tendered by the defendant." 372 U.S. at 313–14, 83 S.Ct. at 757.

Seventh Circuit caselaw concerning habeas hearings has followed the criteria established in *Townsend* and codified in 28 U.S.C. § 2254(d) of the habeas corpus statute.

An evidentiary hearing should be granted when there are important issues of fact which were not adequately developed at trial, the failure to develop the facts was not due to the defendant's neglect or deliberate bypass, and the record does not conclusively demonstrate that the petitioner is entitled to no relief.

*Rosenwald v. United States*, 898 F.2d at 588. *See also Rogers–Bey v. Lane*, 896 F.2d at 282 n. 1. On the other hand, "an evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court." *Matta–Ballesteros v. Henman*, 896 F.2d 255, 258 (7th Cir.1990), quoting *Jeter v. Keohane*, 739 F.2d 257 n. 1 (7th Cir.1984). The facts allegedly in dispute concern Simmons' intoxication and the victim's attempt to wrest the gun out of Simmons' hands.[7]

The trial court, considering the evidence before it, properly determined that Simmons could not raise voluntary intoxication as an affirmative defense. At no point has Simmons substantiated his claim by offering the names of witnesses who would come forward in his defense, the evidence they could offer, or proof that such facts would have been crucial to the development of the material facts as presented at trial. Moreover, Simmons testified on his own

---

**6.** Petitioner also alleged that post-conviction counsel failed to notify him of his right to a direct appeal. However, Simmons was told of his appeal rights by the court at his sentencing hearing. Moreover, when he filed his post-conviction motion, the time for filing a direct appeal had already lapsed. Clearly this allegation has no merit.

**7.** Petitioner's reference to *Keys v. Duckworth*, 761 F.2d 390 (7th Cir.1985), for the proposition "the decision to forego what may be the only available defense can fall below sixth amend-

ment standards," *id.* at 392, is of little help to petitioner. Keys, like Simmons, alleged failure to investigate the availability of an intoxication defense and to look for possible defense witnesses. The appellate court, following the *Strickland* test, found that the facts in the record strongly refuted the intoxication defense, and that counsel's alleged failures probably did not affect the outcome of the trial. Thus, Key's sixth amendment claim failed. That analysis is fully applicable to the case before us.

behalf at the trial. Because of his unhelpful responses when counsel attempted to introduce Simmons' possible alcoholism, the failure to develop a proper intoxication defense when questioned by counsel could well have been attributable to petitioner's own inattention when questioned.[8]

The other evidence Simmons has sought to present at an evidentiary hearing is his allegation that the victim Ethel Purnell attempted to wrest the gun from him. Again, he has offered no witness to support this version of the shooting, and, as explained above, the story contradicts his own testimony at trial. Only one of those explanations by Simmons could have been true: The gun discharged, killing Ethel, either when Simmons put it in his pocket or when Ethel tried to take it from him. By allowing Simmons to testify freely and by not eliciting a second version from Simmons that was inconsistent with that testimony, trial counsel did not cause Simmons to testify falsely. His conduct fell well within the range of reasonable professional conduct acceptable under *Strickland. Nix v. Whiteside*, 475 U.S. 157, 171, 106 S.Ct. 988, 996, 89 L.Ed.2d 123 (1986). Counsel's failure to offer false evidence in no way prejudiced the result of Simmons' trial. *Id.* at 176, 106 S.Ct. at 999. Simmons' attempt to raise this new evidence now only raises the question of his own perjury.

■ The Rules Governing Habeas Corpus allow a district judge alternatives to an evidentiary hearing. The district judge below, following Rule 7, requested that Simmons expand the record by supplementing his petition with facts supporting his claims, and then required further briefing from the parties. This method was designed specifically to avoid evidentiary hearings. *Matta–Ballesteros*, 896 F.2d at 259. The district court found that none of the facts proffered by petitioner was material, and that Simmons' claim of ineffective assistance lacked merit. We concur with that analysis. The trial court did indeed decide the issues of fact tendered by the defendant Simmons at trial, *Townsend*, 372 U.S. at 314, 83 S.Ct. at 757–58, and the district court had before it all the facts essential to consideration of Simmons' constitutional claim, *Matta–Ballesteros*, 896 F.2d at 258. In cases where a constitutional right is not blatantly violated, *Townsend* leaves it to the discretion of the trial court to determine whether an evidentiary hearing is necessary. 372 U.S. at 318–19, 83 S.Ct. at 759–60. We agree that an evidentiary hearing was not required.[9] *See Cartee v. Nix*, 803 F.2d 296, 298–99 (7th Cir. 1986), *cert. denied*, 480 U.S. 938, 107 S.Ct. 1584, 94 L.Ed.2d 774 (1987).

### IV. Conclusion

■ Because the issue of constitutionally effective assistance of counsel is a mixed question of law and fact, our review of petitioner's claim has been an independent examination of the trial transcript and full record, and has moved through several tiers of analysis: (1) the finding of procedural default which could bar petitioner's claims; (2) the search for the "cause" for that default under the *Wainwright v. Sykes* standard; (3) the examination of ineffective assistance of counsel as "cause" under the *Murray v. Carrier* standard;

8. The transcript reported this testimony by Simmons when being questioned by his attorney:
 Q On November 11, 1978, in addition to your tuberculosis, did you have what is known as a drinking problem?
 A Somewhat.
 . . . . .
 Q I ask you Mr. Simmons. Have you ever been *treated or referred to* an Alcoholics Anonymous session?
 A No, I haven't.
 Q Have you ever been told that you should seek alcoholic counseling?
 (Objections sustained. No further questions.)

Transcript at 105–06.

9. The district court's failure to rule specifically on the need for an evidentiary hearing was harmless error. This court has accepted other methods of analyzing the petition for habeas corpus, expediting the process and making determinations consistent with the rules when there are clearly *no material facts at issue. See, e.g., Matta–Ballesteros*, 896 F.2d at 259 (district court, following procedure for summary judgment, was not acting inconsistently with the habeas rules governing when a hearing is necessary).

and (4) the review of counsel's performance as one prong of the *Strickland v. Washington* requirement. Our finding of Simmons' failure to establish his counsel's deficient performance leads to the following conclusions: that petitioner is unsuccessful in demonstrating ineffective assistance of counsel; that he therefore has not proven "cause" for his procedural default; and thus the unexcused default has barred federal habeas corpus relief. The appropriate ruling following such an analysis is a dismissal of the petition.

■ The district court made only one analysis; it assessed the effectiveness of Simmons' counsel under the *Strickland* standard and found the petitioner's charges of ineffective assistance to be unsubstantiated. However, it avoided Simmons' procedural default. It is customary, when faced with an unaddressed procedural default, for this court to remand a case to the district court for a determination of petitioner's ability to establish cause and prejudice for the default. *See, e.g., Arvanitis*, 902 F.2d at 497.

Although the district court chose not to delve into the intricacies of procedural default, and turned instead to the merits, we can uphold its decision for a number of reasons. First, we note that no state court rendered a judgment in this case *"clearly and expressly stat[ing]* that its judgment rests on a state procedural bar." *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989). Since Simmons' post-conviction petition was summarily dismissed without reference to a state procedural default, Simmons' federal claim was not foreclosed by that bar. *See Rogers–Bey v. Lane*, 896 F.2d at 281–82.

Second, we recognize that the linchpin of the procedural default analysis in this case was Simmons' allegation of ineffective assistance of counsel. By failing to prove that claim under the stringent two-pronged *Strickland* test, the petitioner was not able to establish "cause" for the default and thereby to lift the procedural bar to his claim. The analysis of those key ineffective assistance allegations was soundly presented by the district court, which referred to the record and followed the *Strickland* standard. The results of our own review correspond to those of the lower court. Once we found petitioner's claim of ineffective assistance of counsel lacking under *Strickland*, the domino reaction came into play: Without ineffective assistance there was no "cause" and therefore no means of removing the procedural bar to consideration of the habeas claims. *See Williams v. Chrans*, 894 F.2d at 937; *Greene v. Meese*, 875 F.2d 639, 643 (7th Cir.1989). It is not necessary to remand for these considerations. *See Henderson v. Thieret*, 859 F.2d at 500.

Third, we find that an evidentiary hearing on Simmons' allegations was not required. The supplemental filings provided petitioner a full opportunity to substantiate his claims before the court. Since none of the conditions mandating an evidentiary proceeding under *Townsend* is found in this case, the district court did not abuse its discretion in not holding a hearing.

Finally, we will affirm the district court ruling because comity and judicial efficiency make it appropriate.

> [I]f it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served ... [if] the district court denies the habeas petition and the court of appeals affirms the judgment of the district court forthwith. *See United States ex rel. Allum v. Twomey*, 484 F.2d 740, 743 (CA7 1973).

*Granberry v. Greer*, 481 U.S. 129, 135, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987).[10]

---

**10.** Under *Granberry,* an appellate court has the discretion to determine whether the interests of justice would be better served by addressing the merits of a nonexhausted habeas petition or by requiring additional state proceedings before doing so. 481 U.S. at 136, 107 S.Ct. at 1676.

Although the Court was addressing the state's failure to raise the procedural defense of nonexhaustion, rather than the court's failure to address a procedural error, the practical approach of *Granberry* is fully applicable herein.

Accordingly, we hold that the order of the district court denying Simmons' petition for writ of habeas corpus must be AFFIRMED.