978 F.2d 1261
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph GIBSON, Petitioner-Appellant,
v.
Richard B. GRAMLEY and Neil Hartigan,**
Respondents-Appellees.
 No. 91-1328.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 21, 1992.*
Decided Oct. 22, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 A jury convicted Joseph Gibson of murder in 1982, and he was sentenced to 25 years in prison. He brought this petition under 28 U.S.C. § 2254 to collaterally attack his conviction, but was unsuccessful in the district court. Gibson appeals that court's decision to us, and we now affirm.
 
 
 2
 Gibson sets forth three issues for our review: (1) his trial lawyer was ineffective for failing to call certain eyewitnesses; (2) the state used peremptory challenges to exclude blacks from the jury in violation of Batson v. Kentucky, 476 U.S. 79 (1986); and, (3) his trial lawyer was ineffective for failing to object to the state's discriminatory use of its peremptory challenges.
 
 
 3
 We agree with the district court that counsel's failure to call Gibson's wife, daughter and brother-in-law to testify at his trial did not constitute deficient performance under Strickland v. Washington, 466 U.S. 668 (1984). We therefore affirm its decision denying relief on the first issue for the reasons stated in the attached Memorandum Opinion and Order.
 
 
 4
 We conclude that Gibson procedurally defaulted on the second issue by failing to raise it on appeal from the dismissal of his second state post-conviction petition, Morrison v. Duckworth, 898 F.2d 1298, 1300 (7th Cir.1990), and on the third issue by failing to present it to any Illinois court, United States ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). As a result, federal review is barred unless Gibson can establish cause for the default and resulting prejudice. Id. Gibson makes no argument concerning either one, and none is apparent from the record. In all events, Batson does not provide a basis for relief because it does not apply retroactively to convictions such as Gibson's that were already final when that decision was announced. Allen v. Hardy, 478 U.S. 255, 257-58 (1986).
 
 
 5
 AFFIRMED.
 
 ATTACHMENT
 IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF ILLINOIS
 EASTERN DIVISION
 
 6
 UNITED STATES ex rel. JOSEPH GIBSON, Petitioner,
 
 
 7
 v.
 
 
 8
 RICHARD B. GRAMLEY and, NEIL HARTIGAN, Respondents.
 
 No. 89 C 9489
 Jan. 17, 1991
 MEMORANDUM OPINION AND ORDER
 I. FACTS
 
 9
 In November, 1982, Joseph Gibson was tried before a jury in the Circuit Court of Lake County, Illinois for the murder of Thomas Jackson. At trial, Gibson asserted self-defense as justification for killing Jackson. Although more than ten people were present at the Gibson home when Jackson was shot, the only occurrence witnesses that testified were three sailors, Landry, Harris and Knight.[1] After his conviction, petitioner exhausted all state court remedies available to him and, on December 26, 1989, petitioner filed this petition for federal habeas corpus alleging ineffective assistance of counsel.
 
 II. INEFFECTIVE ASSISTANCE OF COUNSEL
 
 10
 The majority of petitioner's claims were dismissed in an earlier opinion of this court. See United States ex rel. Joseph Gibson v. Gramley, No. 89 C 9489, unpublished opinion (N.D.Ill. Sept. 28, 1990). One of petitioner's claims, however, remained. In that claim, petitioner alleged that trial counsel failed to interview and call occurrence witnesses. In support, petitioner submitted affidavits from three occurrence witnesses: (1) his wife, Alberta Gibson; (2) his daughter, Janice Gibson; and (3) his brother-in-law, Roosevelt Holt. All three affiants stated that the prosecution's occurrence witnesses, the three sailors, were not present at the time of the fatal shooting. Counsel did not call these persons to testify. Rather, the defendant rested immediately after the prosecution's case. Petitioner has alleged through appointed counsel in this court that a dispute regarding payment of fees resulted in his attorney's deliberate failure to call any defense witnesses. Because of the seriousness of this charge, petitioner and respondents were ordered to file a written proffer of any evidence regarding trial counsel's reasons for not calling Alberta Gibson, Janice Gibson, and Roosevelt Holt to testify.
 
 
 11
 To prevail on his claim of ineffective assistance of counsel, petitioner had to establish that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Specifically, petitioner had to show that "counsel's representation fell below an objective standard of reasonableness." Id. at 688. In this court's last opinion, petitioner was ordered to identify the acts or omissions of his trial counsel that were not the result of reasonable professional judgment. Petitioner, however, has failed to identify any such acts or omissions.
 
 
 12
 In response to this court's order, petitioner simply re-alleged that trial counsel failed to call occurrence witnesses "because of his annoyance in not being able to secure additional funds from petitioner." Proffer of Evidence in Support of Petition for a Writ of Habeas Corpus at 2. On the other hand, respondents submitted an affidavit from trial counsel for petitioner, as well as a letter to the Assistant Attorney General presently assigned to this case. In both documents, counsel asserted that he consulted with petitioner and his family and together they decided not to put on any evidence. Counsel was concerned that the testimony of family members present at the shooting would be internally inconsistent and lack credibility. Moreover, because petitioner had given a statement to the police on video tape, he advised that it was not in petitioner's interest to testify at trial. Therefore, he advised that it would be better to rest without putting on any witnesses, in order to avoid subjecting petitioner and his family to damaging cross-examination. He further stated that defendant and his family concurred.
 
 
 13
 Under Strickland v. Washington, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at 690. Petitioner has presented no evidence directly related to trial counsel's analysis, advice or conclusion nor does he deny that he concurred in the decision to rest. Asserting that counsel was unhappy about his compensation does not create a triable issue in this proceeding.
 
 
 14
 IT IS THEREFORE ORDERED that the Clerk of the Court is directed to enter judgment in favor of respondents and against petitioner denying the petition for writ of habeas corpus.
 
 
 15
 /s/William T. Hart
 
 UNITED STATES DISTRICT JUDGE
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Gibson has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 Attorney General Roland Burris is substituted for Neil Hartigan pursuant to Fed.R.App.P. 43
 
 
 [1]
 The only other testimony presented at trial was that of four police officers and a paramedic, all employees of the City of North Chicago; Dr. Eupil Choi from Cook County Medical Examiner's Office; and Mr. Robert Wilson, a firearm and tool-marks examiner from Northern Illinois Police Crime Laboratory