53 F.3d 334
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Donald HINTON, Jr., Defendant-Appellant,
 No. 94-3532.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1995.
Decided May 2, 1995.
 
 1
 Before CUMMINGS, and KANNE, Circuit Judges; and WALTER, District Judge[1].
 
 O R D E R
 
 2
 On December 7, 1993, a grand jury in Benton, Illinois returned a two-count indictment charging the defendant, Donald Hinton ("Hinton"), in count one with distribution of cocaine base and in count two with possession of cocaine base with intent to distribute in violation of Title 21, United States Code, Section 841(a)(1).
 
 
 3
 Andrea Smith ("Smith"), employed by the Federal Public Defender's Office in the Southern District of Illinois, was appointed to represent the defendant. Her representation began on November 18, 1993 at the defendant's initial appearance before the magistrate and continued through the close of the trial on February 15, 1994. Prior to trial, Smith filed three separate motions requesting a transfer of the defendant to a medical facility for evaluation and treatment. The defendant also mailed a letter directly to the trial judge requesting such a transfer. After holding two hearings on these motions, the district court denied each motion.
 
 
 4
 The two-day jury trial commenced on February 14, 1994, and resulted in a verdict of guilty against the defendant on both counts as charged in the indictment. On October 14, 1994, the district court sentenced the defendant to 360 months imprisonment for each count to be served concurrently. Defendant appealed to this court on October 24, 1994 and seeks reversal of his conviction on three grounds.
 
 
 5
 First, the defendant contends that he was denied his Sixth Amendment right to effective assistance of counsel because Smith was not "counsel" during her representation, and alternatively, that she was not "effective" because she failed to adequately investigate the location of several defense witnesses. Whether the defendant received effective assistance of counsel is a mixed question of law and fact and is therefore reviewed de novo. United States ex rel. Simmons v. Gramley, 915 F.2d 1128 (7th Cir.1990).
 
 
 6
 The term "counsel" in the Sixth Amendment signifies a legal representative authorized to practice law in any state. Solina v. United States, 709 F.2d 160, 167 (2nd Cir. 1983). An individual is not counsel for purposes of the Sixth Amendment if admission is not obtained to a bar in any state, either because of failure to seek admission or from denial of admission for a reason related to legal competence. Id.; Bond v. United States, 1 F.3d 631, 637 (7th Cir. 1993). However, a technical defect in the licensed status of a representative does not necessarily destroy one's status as counsel. Reese v. Peters, 926 F.2d 668, 669 (7th Cir. 1991); Solina, 709 F.2d at 167.
 
 
 7
 The record presented to the district court reveals that Smith was in fact counsel at the time of her representation of the defendant.[2] Smith testified at the defendant's sentencing hearing that she has been a member in good standing of the Bar in American Samoa for fourteen years and documented her continuous membership in the New Mexico Bar from September 19, 1979 through May 20, 1994. (Sent. TC at 5, 13-14; Appendix A-1 of Appellee's Brief). Although Smith elected to declare inactive status from the New Mexico Bar in January of 1988, a letter from the Disciplinary Board of the Supreme Court of New Mexico in September of 1994 explained that her inactive status did not affect her membership in good standing. (Appendix A-2 of Appellee's Brief). Moreover, Smith's classification as a paralegal by the Federal Public Defender's Office until January 1, 1994, when she became an Assistant Federal Public Defender, did not change her status as an attorney.
 
 
 8
 Pursuant to Rule 1(e) of the Local Rules for the United States District Court for the Southern District of Illinois, it is not necessary that Smith, as an attorney for the federal government, be admitted to the Bar in Illinois. Because Smith was a member in good standing of at least one bar at the time of her representation of Hinton, she is entitled to rely upon that admission to practice as a government employee in Illinois. Accordingly, we declare that Smith was "counsel" for purposes of the Sixth Amendment at all times throughout her representation of Hinton.
 
 
 9
 The defendant's alternative claim that Smith's representation was ineffective due to her failure to adequately investigate the location of potential defense witnesses is also unsuccessful. This court in United States v. Ashimi, 932 F.2d 643, 650 (7th Cir. 1991) explained that:
 
 
 10
 evidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim.
 
 
 11
 Because the defendant has not produced any affidavits or testimony from these unlocated witnesses, there is no basis for his claim of ineffective assistance against Smith. Finding that Smith was both "effective" and "counsel" for purposes of the Sixth Amendment, we affirm the district court.
 
 
 12
 The defendant's second argument for a reversal stems from the district court's denial of his requests for a mental evaluation prior to trial. This court reviews the trial court's decision for abuse of discretion. Chichakly v. United States, 926 F.2d 624 (7th Cir. 1991). The defendant's final motion for an evaluation was made on February 11, 1994, just three days before trial, at which time the district court had several sources of information to consider in ruling on the motion. Among the information available was the district court's own observations of the defendant in court at least two times prior to the motion hearing, a handwritten letter from the defendant which described his symptoms and his understanding of the legal consequences of his actions, and a report from the chiropractor who had treated the defendant after his accident. After reviewing the record, we conclude that the trial judge did not abuse his discretion in denying the defendant's motion for a competency examination and affirm the conviction.
 
 
 13
 The defendant's final request on appeal is for this Court to find that the sentence imposed by the district court constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The defendant was convicted of two counts of drug violations and sentenced to 360 months for each count to be served concurrently. For purposes of sentencing, the defendant was considered a repeat drug offender because he had two prior convictions related to the distribution of narcotics. The statutory guidelines established by Congress permit the imposition of a 360 month sentence for each drug violation of a repeat drug offender. Because Congress is given substantial deference in establishing the guidelines for prison terms, "eighth amendment [sic] challenges to sentences that are both prescribed by the guidelines, and within the statutory maximums established by Congress, are looked on with disfavor." United States v. Saunders, 973 F.2d 1354, 1365 (7th Cir. 1992). As the district court followed the guidelines established by Congress when imposing the sentence, we find no violation of the Eighth Amendment.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Of the Western District of Louisiana, sitting by designation
 
 
 [2]
 After his conviction, the Defendant presented a pro se "Motion to Dismiss" for his lack of "counsel." The trial judge conducted a hearing on this motion at the defendant's scheduled sentencing on October 14, 1994