57 F.3d 1073
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Daniel Hunter MOATS, Petitioner-Appellant,
v.
WARREN COUNTY, MONMOUTH, ILLINOIS, Neil F. Hartigan, William
D. O'Sullivan, Warden, et al., Respondents-Appellees.
 No. 94-2373.
 United States Court of Appeals, Seventh Circuit.
 Argued March 29, 1995.
Decided June 8, 1995.
 
 1
 Before BAUER and MANION, Circuit Judges, and WILLIAM D. STEIHL, District Judge*
 
 ORDER
 
 2
 Daniel Hunter Moats appeals the district court's denial of his motion to amend his petition for writ of habeas corpus and the district court's denial of the petition for writ of habeas corpus. We affirm.
 
 I. Facts
 
 3
 Moats was convicted of aggravated criminal sexual assault in February of 1987. In March of 1987, Moats was convicted of felony criminal damage to property. Both of petitioner's convictions were ultimately affirmed and Moats' notices of intent to appeal to the Illinois Supreme Court were denied as untimely. On January 8, 1990, Moats filed his first petition for writ of habeas corpus, asserting various constitutional challenges to his convictions. The district court dismissed Moats' petition for failure to exhaust state remedies. In doing so, the district court informed Moats of his duty to pursue his remedies in the state court by filing a state post-conviction petition.
 
 
 4
 On September 29, 1990 Moats filed a pro se motion for appointment of counsel to pursue post-conviction remedies in Illinois state court. The Illinois state court denied this petition for failure to comply with Illinois' post-conviction statute. In doing so, the state court also informed Moats of the statutory requirements for a post-conviction petition, and requested that Moats file a petition which satisfied these requirements. In fact, the Illinois state court attached a copy of the statute to the order. Moats, however, did not respond in any way until February 7, 1992, when he filed a new motion for post-conviction relief. This motion was denied as untimely, based on the Illinois Post-Conviction Act's three-year statute of limitations.
 
 
 5
 Moats thereafter filed an amended petition for habeas relief in federal court. On April 6, 1993 he filed a Second Amended Petition for Writ of Habeas Corpus, in which he alleged, among other things, that he was denied a fair trial because he was hearing-impaired and was not provided an interpreter. Moats' petition also alleged a speedy trial violation.
 
 
 6
 The United States moved to dismiss Moats' petition for habeas relief based on procedural default. The district court, without addressing the issue of procedural default, denied Moats' hearing impairment claim without a full hearing and ordered further briefing on the speedy trial claim. Moats then filed a motion for leave to amend his habeas petition to assert a claim of actual innocence to the aggravated criminal sexual assault conviction based on alleged impotence. The district court denied Moats' motion to amend. The district court also dismissed Moats' remaining claim of a speedy trial violation and, accordingly, denied Moats habeas relief.
 
 
 7
 On appeal, Moats asserts that the district court erred in not granting him a full evidentiary hearing on his hearing impairment claim and also appeals the district court's denial of his motion to amend his habeas petition to assert a claim of actual innocence based on alleged impotence. Moats does not contest the dismissal of the remaining claims presented in his habeas petition.
 
 II. Analysis
 
 8
 Moats first claims that the district court erred in not granting him a full evidentiary hearing on his claim that he was denied a fair trial because he was hearing-impaired and not provided with an interpreter. Respondents assert that Moats has procedurally defaulted this claim by failing to present this constitutional challenge to the state court. We agree. "In deference to state procedural rules and state court reviews, federal courts will consider the merits of a habeas corpus petition only after the prisoner has presented his federal claim to the state courts for direct and post-conviction review." U.S. ex rel. Simmons v. Gramley, 915 F.2d 1128, 1132 (7th Cir.1990). It is undisputed in this case that Moats failed to present his claim of hearing impairment to the Illinois state court either on direct appeal, or through a post-conviction hearing. Thus, Moats has procedurally defaulted this claim.
 
 
 9
 Moats may, however, avoid procedural default if he can establish "cause" for the default and actual prejudice flowing from it. Id. On appeal, Moats does not attempt to demonstrate such cause and prejudice. This is because the district court did not address the question of procedural default. The respondents, however, did raise this issue in the district court, and therefore the district court should have resolved this issue. Id. ("The first duty of a district court, therefore, is to examine the procedural status of the cause of action.").
 
 
 10
 Normally, we would remand to the district court for a determination of petitioner's ability to establish cause and prejudice for the default. Id. at 1140. But in this case, there is no need for remand, because the district court's resolution of the merits of Moats' hearing impairment claim alleviate any possibility that Moats could establish prejudice. Id. There could be no prejudice here because the district court correctly rejected Moats' claim that he was hearing-impaired. Specifically, the respondents submitted affidavits by the judge who presided over the sexual assault trial, and the prosecutors of both the sexual assault and felony criminal damage to property trials. These affidavits established that Moats never gave any indication that he was having difficulty hearing at his trial. The affidavits further averred that Moats testified at trial, responded appropriately to questions asked in a normal tone of voice, and never asked to have any questions repeated because he could not hear them. The prosecutor further swore that Moats told investigators that he "has only 50% of his hearing in one ear due to an artificial eardrum." His other ear apparently was unimpaired. The facts negate any claim that Moats was denied a fair trial because he was unable to hear the proceedings. And in any event, the record demonstrates that Moats could not establish cause for his default.
 
 
 11
 In response, Moats argues that, based on the above facts, it might be difficult for him to succeed on a claim of hearing impairment, but he is nonetheless entitled to a hearing. We disagree. "[A]n evidentiary hearing is not necessary when the facts essential to consideration of the constitutional issue are already before the court." Matta-Ballesteros v. Henman, 896 F.2d 255, 258 (7th Cir.1990). Moreover, in this case, the district court allowed Moats' attorney to file a memorandum stating the specific evidence he intended to introduce in support of Moats' hearing impairment claim. This supplemental information provided Moats an opportunity to substantiate his claims before the district court. Gramley, 915 F.2d at 1139. Even without a full evidentiary hearing, therefore, no remand is necessary. Id. at 1140 ("[t]he supplemental filings provided petitioner a full opportunity to substantiate his claims before the court.").
 
 
 12
 On appeal, Moats also contends that the district court erred in refusing to allow him to amend his complaint to allege a claim of actual innocence on the sexual assault conviction, due to his alleged impotence. We review a district court's decision denying a motion to amend a habeas petition for an abuse of discretion. No such abuse occurred in this case. First, similar to his hearing impairment claim above, Moats procedurally defaulted this claim by failing to present it to the state court.
 
 
 13
 Second, dismissal was appropriate pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases, which provides that:
 
 
 14
 A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.
 
 
 15
 Where the delay was more than five years, prejudice is presumed. Adv.Comm.Notes, Rule 9(a).
 
 
 16
 In this case, Moats failed to present his claim of impotence until five years after his conviction was affirmed on direct appeal. Moats was therefore required to demonstrate that he could not have known that he was impotent. Aside from the fact that someone who is impotent could still commit the elements of aggravated sexual assault, Moats would have had to take the absurd position that he was not aware that he was impotent at the time he was accused of the sex crimes. Moats wisely does not make this claim. Reality would have also kept Moats from making a mockery of the judicial system by claiming to be impotent during a time when the record clearly demonstrated that he fathered several children.
 
 
 17
 "Finally, we will affirm the district court ruling, because comity and judicial efficiency make it appropriate. '[If] it is perfectly clear that the applicant does not raise even a colorable federal claim, the interests of the petitioner, the warden, the state attorney general, the state courts, and the federal courts will all be well served ... [if] the district court denies the habeas petition and the court of appeals affirms the judgment of the district court forthwith.' " Gramley, 915 F.2d at 1140, quoting United States ex rel. Allum v. Twomey, 484 F.2d 740, 743 (7th Cir.1973). For the foregoing reasons, we AFFIRM.
 
 
 
 *
 Hon. William D. Stiehl, of the Southern District of Illinois, sitting by designation